**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ADELIADA GUTIERREZ and** | ) |
| **ERICA FUENTES** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **EL BURRITO, INC. d/b/a VALENTINA** | ) |
| **RESTAURANT and EDUARDO** | ) |
| **GUTIERREZ, individually,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiffs, Adeliada Gutierrez and Erica Fuentes by and through their attorneys, Becerra Law Group, LLC, for their Complaint against El Burrito, Inc. d/b/a Valentina Restaurant and Eduardo Gutierrez, individually (herein "Defendants"), state as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay Plaintiffs federal and state mandated minimum wages and overtime pay.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

1

## THE PARTIES

4.     Plaintiff Adeliada Gutierrez resides and is domiciled in this judicial district.

5.     Plaintiff Adeliada Gutierrez is a current employee of Defendants who is employed by Defendants in this judicial district.  During the course of her employment, Plaintiff Adeliada Gutierrez handled goods that moved in interstate commerce, including detergents and vegetables, and performed non-exempt work.

6.     Plaintiff Erica Fuentes resides and is domiciled in this judicial district.

7.     Plaintiff Erica Fuentes is a former employee of Defendants who was employed by Defendants in this judicial district.  During the course of her employment, Plaintiff Erica Fuentes handled goods that moved in interstate commerce, including detergents and vegetables, and performed non-exempt work.

8.      Defendant El Burrito, Inc. d/b/a La Valentina Restaurant (hereinafter "Valentina") is an Illinois corporation doing business within this judicial district. Defendant Valentina is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

9.     Defendant Valentina was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

10.     Defendant Eduardo Gutierrez is the President of Valentina.

11.     Defendant Eduardo Gutierrez is involved in the day-to-day business operations of Valentina.  Among other things, Defendant Eduardo Gutierrez has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to make

2

decisions regarding employee compensation and capital expenditures.

12.     Defendant Eduardo Gutierrez was Plaintiffs' employer as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

## FACTUAL ALLEGATIONS

13.     Defendants operate a restaurant at 4506 West 63rd Street in Chicago, Illinois.

14.     Plaintiff Adeliada Gutierrez works as a server who is also required to perform non-tip generating work such as clean the restaurant; pack orders; and mix drinks.

15.     Plaintiff Erica Fuentes worked as a waitress who was also required to perform non-tip generating work such as clean the restaurant; pack orders; and mix drinks.

16.      All of the non-tip generating work performed by Plaintiffs is paid at the same rate as the tip rate paid by the Defendants.

17.     Plaintiffs were paid $30 per shift for both tip generating and non-tip generating work.

18.     Defendants willfully disregarded the tip-credit requirements of the FLSA and IMWL by engaging in conduct including, but not limited to: (i) requiring tipped employees to perform duties outside their tipped occupation, such as cleaning; (ii) failing to inform tipped employees that a portion of their wages would be paid in tips pursuant to the provisions of the tip-credit wage requirements of the FLSA; (iii) retaining tips paid by customers for their own purpose, in particular for banquets; (iv) failing to pay the minimum wage for tipped employees.

19.     In certain work weeks, Plaintiff Adeliada Gutierrez worked more than 40 hours but was not paid the overtime rate of one and one half times her regular rate.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

Plaintiff Adeliada Gutierrez hereby realleges and incorporates paragraphs 1 through 19 of

this Complaint, as if fully set forth herein.

20.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiffs.

21.     Plaintiff Gutierrez worked for Defendants and is an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

22.     Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23.     During the course of her employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

24.     Plaintiff Gutierrez was directed by Defendants to work, and did work, in excess of 40 hours per week.

25.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, she was entitled to be compensated at a rate of one and one-half times the minimum wage rate.

26.      Defendants did not compensate Plaintiff at a rate of one and one-half times the minimum wage rate for time she worked in excess of 40 hours in individual workweeks.

27.     Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

28.     Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff Gutierrez prays for a judgment against Defendants as follows:

A.     A judgment in the amount of one and one-half times the greater of the minimum wage rate for all time Plaintiff worked in excess of 40 hours per week;

4

B.      Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.      Reasonable attorneys' fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law - Overtime Wages**

Plaintiff Adeliada Gutierrez hereby realleges and incorporates paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

29.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

30.     The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law.  820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

31.     At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

32.     During the course of her employment by Defendants, Plaintiff Gutierrez was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

33.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times the minimum wage rate for time worked in excess of 40 hours per week.

34.     Defendants failed to pay Plaintiff one and one-half times her regular hourly rate

of pay for time worked in excess of 40 hours per week.

35.    Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times her regular hourly rate of pay for all time worked in excess of 40 hours per week.

36.    Pursuant to 820 ILCS 105/12(a), Plaintiff Gutierrez is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff Gutierrez prays for a judgment against Defendants as follows:

A.    A judgment in the amount of one and one-half times the minimum wage rate for all time which Plaintiffs worked in excess of 40 hours per week;

B.    Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.    Reasonable attorneys' fees and costs incurred in filing this action; and

D.    Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Fair Labor Standards Act – Minimum Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 36 of this Complaint, as if fully set forth herein.

37.    This Count arises from Defendants' violation of the FLSA for their failure to pay Plaintiffs the federally mandated minimum wages for all time worked.

38.    During the course of Plaintiffs' employment with Defendants, Defendants failed to compensate Plaintiffs at the appropriate hourly rate.

39.    Plaintiffs were entitled to be paid at least the federal minimum wage for all time worked.

40.    Defendants' failure to pay the federal minimum wage rate violated the minimum wage hour provisions of the FLSA.

41.     Defendant willfully violated the FLSA by refusing to pay Plaintiffs the federally mandated minimum wages for all hours they worked.

42.     Plaintiffs are entitled to recover unpaid minimum wages for three years prior to the filing of this suit because of Defendants' failure to pay minimum wages for all hours worked in individual work weeks was a willful violation of the FLSA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.     A judgment in the amount of unpaid minimum wages for all hours that Plaintiffs worked;

B.     Liquidated damages in an amount equal to the amount of unpaid minimum wages for which Plaintiffs is found to be due and owing;

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Violation of the Illinois Minimum Wage Law – Minimum Wages**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 42 of this Complaint, as if fully set forth herein.

43.     This count arises from Defendants' violation of the IMWL for Defendants' failure and refusal to pay Plaintiffs state-mandated minimum wages for all time they worked.

44.     During the course of their employment with Defendants, Plaintiffs were not compensated at the Illinois minimum wage rate.

46.     Plaintiffs were entitled to be paid the Illinois minimum wage for all time worked.

47.     Defendants failed to pay the Illinois minimum wage for all time worked.

48.     Defendants' failure to pay the Illinois minimum wage rate violated the minimum wage hour provisions of the IMWL.

49.     Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages

7

for 3 years prior to the filing of this suit, plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.  A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B.  Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.  Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law; and

D.  Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated:  March 29, 2017          **ADELIADA GUTIERREZ and ERICA FUENTES**

By:  /s/Carlos G. Becerra
Attorney for Plaintiffs

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
Email: cbecerra@law-rb.com